## JOHNSTONE v. O'CONNER.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

1. ACCOUNTING BY TRUSTEE.

A complaint alleged that after the death of defendant's father, leaving a widow and five children, defendant brought partition against his mother, plaintiff, who was his sister, and another sister, all of whom left their interest to be looked after by him; that at the sale defendant bought the property for much less than it was worth, acting for the heirs, and induced plaintiff and the other sister to consent that he take the title, promising that they should receive their just shares.   Plaintiff's sister died, leaving all her estate to plaintiff, and, on the mother's death, defendant was appointed her administrator.   The complaint alleged that defendant agreed, when he bought the property,

to allow his mother a gross sum in lieu of dower, estimated on the value of the property. *Held*, that plaintiff was entitled to a judgment that defendant account to her for the rents and profits of two fifths of the land, and that he be decreed to sell the land, or that he hold two fifths as trustee for plaintiff; and also that she recover from defendant as administrator her share in her mother's dower right.

2. SAME—PARTIES.

Plaintiff's right in the realty did not affect the other children, and therefore it was proper for her to bring suit against defendant without joining any other parties, either as plaintiff or defendant.

Appeal from special term, Kings county.

Action by Ruth A. Johnstone against Eugene F. O'Conner to have it adjudged that defendant bought certain land as trustee, and for an accounting. From an order overruling his demurrer to the complaint, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

Boardman & Boardman, (E. C. Boardman, of counsel,) for appellant.
William D. Veeder, for respondent.

BARNARD, P. J. The facts set forth in the complaint affect the parties to the suit only, and need no other parties to render a complete judgment. Owen O'Conner died in 1883, leaving a large and valuable real estate, and leaving a widow and five children. The plaintiff and her sister, Mary, and the defendant, were three of the children. The defendant commenced a partition action against his mother and sisters; and the plaintiff and Mary, his sister, and the mother of all the children, left their interest to be looked after by the defendant. He selected his clerk to appear for them. At the sale the defendant bought in the property for $462,250, less than it was worth. The purchase was made by defendant, acting for the heirs, and after the purchase was made he requested the plaintiff and his sister Mary to consent that he, the defendant, might take title, and that they should receive from him their just share of the actual value of said property. The defendant, by reason of his assurance in respect to the land, took a title, and has ever since refused to carry out the agreement with his two sisters. Mary, plaintiff's sister, is dead, and has, by will duly proven, given all her estate to the plaintiff, real and personal. After her death the defendant agreed to account to the plaintiff for her share in the actual value of the property in her own right and in that of her deceased sister. The defendant is the administrator of his deceased mother, and the complaint alleges that the defendant agreed with her, when the property was bid in, that he would allow her a gross sum in lieu of dower, estimated on the real value of the property. The plaintiff asks to recover her share of this right of dower of her mother. Assuming the facts stated to be true, the plaintiff is entitled to a judgment that the defendant account to her for the rents and profits of two fifths of the real estate, and that the defendant be decreed to sell the land, or that he hold two fifths as trustee for the plaintiff. She is also entitled on the face of the complaint to a judgment for her share of her mother's dower right against the defendant, who is alleged to be the administrator of

his mother.   It does not appear that the plaintiff's right in the realty affects the other children, and her claim on her mother's account is individual and not joint, and she may maintain a separate action for her share.   The order overruling defendant's demurrer to the complaint is therefore affirmed, with costs.